FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 14, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRYAN PAUL HERNANDEZ,<br><br>            Petitioner,<br><br>   v.<br><br>ERIC CARPENTER,<br><br>            Respondent. | No. 2:23-cv-00250-SAB<br><br>**ORDER DISMISSING HABEAS ACTION** |

      Before the Court is Petitioner Bryan Paul Hernandez's First Amended Petition received on October 20, 2023. ECF No. 7. Petitioner, a civilly committed detainee at the Eastern State Hospital ("ESH"), is proceeding *pro se* and *in forma pauperis*. Respondent has not been served. Petitioner seeks his immediate discharge. *Id.* at 7.

      By Order filed October 10, 2023, the Court advised Petitioner of the deficiencies of his habeas corpus petition brought pursuant to 28 U.S.C. § 2241 and granted him the opportunity to amend. ECF No. 6. Specifically, Petitioner's challenges to the conditions of his confinement and his request for monetary damages were not cognizable on habeas review. *See Badea v. Cox,* 931 F.2d 573, 574 (9th Cir. 1991); *Crawford v. Bell,* 599 F.2d 890 (9th Cir. 1979). Furthermore, he failed to present facts from which the Court could infer that he had exhausted

ORDER DISMISSING HABEAS ACTION # 1

his state court remedies as to any challenge to the fact of his confinement. *See* ECF No. 6 at 5.

Liberally construing the First Amended Petition in the light most favorable to Petitioner, the Court finds that he has not cured the deficiencies of the initial petition. While Petitioner claims to be challenging an Order of Commitment dated July 20, 2023, he indicates that his appeal to the Court of Appeals has been stayed pending a finding that he is indigent, *id.,* thus demonstrating his state court remedies have not been exhausted. *See Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). Once again, any challenge to the conditions of his confinement is not cognizable in a habeas claim. *See Badea,* 931 F.2d at 574; *Crawford,* 599 F.2d at 890.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

ORDER DISMISSING HABEAS ACTION # 2

Accordingly, for the reasons set forth above and in the Court's Order to Proceed *In Forma Pauperis,* Order to Amend Petition, and Order Denying Motion for Miscellaneous Relief, ECF No. 6, **IT IS ORDERED**:

1. This action is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

2. The Clerk of Court is directed to **ENTER JUDGMENT** and **CLOSE** the file.

3. The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is therefore **DENIED**.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and provide copies to Petitioner at his last known address.

**DATED** this 14th day of December 2023.

Stanley A. Bastian
Chief United States District Judge

ORDER DISMISSING HABEAS ACTION # 3